## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————
)
**COMMERCE BANK & TRUST**                )
**COMPANY,**                                          )
)
       **Plaintiff,**                         )     **Civil Action No.**
)     **08-40054-FDS**
       **v.**                                     )
)
**TD BANKNORTH, INC., TD BANK**       )
**FINANCIAL GROUP, THE TORONTO-**   )
**DOMINION BANK, and COMMERCE**      )
**BANCORP, INC.,**                              )
)
       **Defendants.**                       )
———————————————————————)

## PRELIMINARY INJUNCTION ORDER

**SAYLOR, J.**

     After a hearing, for good cause shown, and pursuant to Fed. R. Civ. P. 65, defendants TD

Banknorth, Inc.; TD Bank Financial Group; The Toronto-Dominion Bank; and Commerce

Bancorp, Inc.; are hereby preliminarily restrained and enjoined as follows:

     1.     For the purposes of this Preliminary Injunction Order, the following definitions

        shall apply:

          a.     "Defendants" shall mean TD Banknorth, Inc.; TD Bank Financial Group;

              The Toronto-Dominion Bank; and Commerce Bancorp, Inc.

          b.     The "Protected Mark" shall mean "TD Commerce Bank" and "Commerce

              Bank."

          c.     The "Market" shall mean Worcester, Middlesex, Suffolk, Norfolk, and

              Essex Counties, Massachusetts.

    d.    "Direct Mailing" shall mean any direct mail, e-mail, fax, or similar communication of marketing, advertising, sales, or promotional information or materials specifically directed to individual consumers.

    e.    "Advertisement" shall mean any advertisement, flyer, brochure, billboard, display, television commercial, radio commercial, or similar communication of marketing, advertising, sales, or promotional information or materials directed to the general public or segments of the general public.

2.    Defendants shall not use or display the Protected Mark in the Market in connection with the provision of banking services.

3.    Defendants shall not use or display the Protected Mark in any Direct Mailing to persons residing in the Market.

4.    Defendants shall not use or display the Protected Mark in any Advertisement that will be or is intended to be circulated, displayed, or broadcast in the Market; provided, however, that Defendants may use or display the Protected Mark in an Advertisement that is circulated or broadcast by means of media that are not published in, are not broadcast from, or otherwise do not originate in the Market. By way of example only, and without limitation, Defendants may not advertise the Protected Mark in newspapers published in Boston or Worcester, or on television or radio stations broadcast from Boston or Worcester, but may advertise the Protected Mark in newspapers published in Connecticut, Rhode Island, or New Hampshire, or on television stations broadcast from Connecticut, Rhode Island, or New Hampshire, or on cable television broadcasts originating outside of the

Market, carried on local cable networks to subscribers in the Market.

5.    Notwithstanding the foregoing, Defendants may engage in the following activities, provided, however, that Defendants do not suggest, directly or indirectly, that Defendants are using, or intend to use, the Protected Mark in connection with the provision of banking services in the Market:

a.    Defendants may use the terms "TD Commerce Bank," "Commerce Bank," and "Commerce Bancorp" in communications with their current customers in connection with the merger of TD Banknorth and Commerce Bancorp, including, without limitation, communications regarding the impact or potential impact of the merger on such customers or their accounts or information required to be provided by regulators;

b.    Defendants may use the full and accurate legal names of The Toronto-Dominion Bank; TD Banknorth Inc.; TD Banknorth, N.A.; Commerce Bancorp Inc.; Commerce Bancorp LLC; Commerce Bank, N.A.; and Commerce Bank/North, or any of their subsidiaries, in connection with acquisition or merger transactions involving those entities.

6.    This Order is binding upon Defendants and their agents, servants, and employees, and upon all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

7.    This Order shall take effect upon the posting of a bond as set forth below, and shall remain in effect until the conclusion of the trial of this matter; provided, however, that it may be dissolved or modified upon appropriate motion and a

showing of good cause to this Court.

8.    Plaintiff shall post a bond in the amount of $100,000 as soon as reasonably practicable after entry of this Order.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 8, 2008, 11:25 a.m., at Worcester, MA