UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMERCE BANK AND TRUST COMPANY, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>TD BANKNORTH INC., THE TORONTO- )<br>DOMINION BANK, AND COMMERCE )<br>BANCORP LLC )<br>Defendant(s). )<br>) | **Civil Action No.**<br>**08-cv-40054** |

## AGREED UPON JUDGMENT

The Plaintiff Commerce Bank & Trust Company (hereinafter, "CB&T") and the Defendants TD Banknorth, Inc., The Toronto-Dominion Bank and Commerce Bancorp LLC (hereinafter, the TD Entities") have agreed on a basis for settling this action, including the entry of this final judgment, pursuant to an Agreement for Judgment dated July 31, 2008.

Accordingly, based upon the Agreement for Judgment dated July 31, 2008, it is, ORDERED, ADJUDGED AND DECREED that:

1. The TD Entities agree that they shall be permanently enjoined from using or displaying the names "TD Commerce Bank" and "Commerce Bank," or any variant thereof incorporating the term "Commerce Bank", in Massachusetts in connection with the advertising for, or provision of, banking services, including without limitation, in television, radio, print or other mass media advertising; on signage and billboards; on checks, deposit slips, brochures and other printed matter disseminated to customers; in corporate or sports sponsorships (including in connection with the TD Banknorth Garden); and in direct mail, telephone, e-mail or other electronic communications (except as set forth below in this subsection).

This Judgment is intended to preclude use in any media that are published in, broadcast from or otherwise originate in Massachusetts, or are directed primarily at residents of Massachusetts, but is not intended to preclude use in any advertisement that is circulated or broadcast by means of media that are published in, broadcast from or otherwise originate in locations outside Massachusetts, and are not directed primarily at residents of Massachusetts, and is not intended to preclude use on websites owned or sponsored by the TD Entities, or other use on the Internet not involving local or regional websites directed primarily at residents of Massachusetts. The TD Entities may use the names "TD Commerce Bank" and "Commerce Bank" in communications with their customers in connection with the merger and transition to the name TD Bank, including without limitation, communications regarding the impact or potential impact of the merger of TD Banknorth and Commerce Bancorp on such customers or their accounts or information required to be provided by regulators.

This Judgment is not intended to preclude the TD Entities from using the full and accurate legal name(s) of any of their subsidiaries in order to refer to or identify such legal entity in circumstances where use of the full and accurate legal name is necessary or appropriate. This Judgment is not intended to preclude internal use within the TD Entities in materials or communications not intended for dissemination to customers. Nothing in this Judgment shall prohibit the TD Entities from using the name "Commerce Bank" in direct communications (e.g., correspondence, account statements, checks, deposit slips, brochures and other materials typically sent to customers) to customers associated with Commerce-branded stores who are or become located in Massachusetts, and CB&T agrees not to assert any claims of trademark infringement against the TD Entities arising from such use. For purposes of this provision, "Commerce-branded stores" shall mean stores operated under the federally registered Stylized C

- Commerce Bank trademark in New Jersey, New York, Pennsylvania, West Virginia, Connecticut, Delaware, Florida, Virginia, Maryland, and Washington, D.C.

2. CB&T agrees that it shall be permanently enjoined from using or displaying the name "Commerce Bank" outside of Massachusetts in connection with the advertising for, or provision of, banking services, including without limitation, in television, radio, print or other mass media advertising; on signage and billboards; in corporate or sports sponsorships; and in mass direct mail, telephone, e-mail or other electronic communications (except as set forth below in this subsection). This Judgment is intended to preclude use in any advertisement that is circulated or broadcast by means of media that are published in, broadcast from or otherwise originate outside of Massachusetts, but is not intended to preclude use in any advertisement that is circulated or broadcast by means of media that are published in, broadcast from or otherwise originate in locations inside Massachusetts, and is not intended to preclude use on websites owned or sponsored by CB&T, or other use on the Internet not involving local or regional websites directed primarily at residents outside of Massachusetts.

Nothing in this Judgment shall prohibit CB&T from using the mark "Commerce Bank" in its direct communications to existing customers located outside of Massachusetts or in responding to specific inquiries from prospective customers located outside of Massachusetts who, either directly or indirectly (such as through a broker or referring source) initiate contact with CB&T, and the TD Entities agree not to assert any claims for trademark infringement against CB&T arising from such use.

3. The permanent injunction set forth in Paragraph 2 above shall dissolve by operation of law if and when the TD Entities cease to use the Marks "TD Commerce Bank," "Commerce Bank," or any variant thereof incorporating the term "Commerce Bank", for a

period of three consecutive years. Such expiration, if any, shall not affect any remaining rights belonging to the TD Entities by virtue of federal, state or other trademark or intellectual property law.

SIGNED and ENTERED this 31st day of July, 2008.

_____
The Honorable F. Dennis Saylor, IV
United States District Court Judge